UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No. 6'00 -Civ- 1057-19,B

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| Plaintiff, | ) |
| v. | ) |
| LEISURE TIME MARKETING, INC., a Florida Corporation; | ) |
| DISCOVERY RENTAL, INC., d/b/a Discovery Rentals, Inc., a Florida Corporation; | ) |
| MARLIN SWANSON; | ) |
| BRITT SHENKMAN; | ) |
| EDWARD M. SEBASTIAN; | ) |
| and | ) |
| FEREIDOUN "FRED" KHALILIAN; | ) |
| Defendants. | ) |

**COMPLAINT FOR PERMANENT INJUNCTION**

**AND OTHER EQUITABLE RELIEF**

Plaintiff, the Federal Trade Commission ("FTC" or "the Commission"), for its complaint alleges:

1.      The FTC brings this action under Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. § 6101 *et seq.*, to secure preliminary and permanent injunctive relief, restitution, rescission or reformation of contracts, disgorgement, and other equitable relief for Defendants' deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the FTC's Telemarketing Sales Rule, 16 C.F.R. Part 310.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 15 U.S.C. §§ 45(a), 53(b), 57b, 6102(c), and 6105(b), and 28 U.S.C. §§ 1331, 1337(a), and 1345.

3.      Venue in the Middle District of Florida is proper under 15 U.S.C. §§ 53(b) and 28 U.S.C. § 1391(b) and (c).

## PLAINTIFF

4.      Plaintiff, the Federal Trade Commission, is an independent agency of the United States Government created by statute. 15 U.S.C. §§ 41 *et seq.* The Commission is charged, *inter alia*, with enforcement of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce. The Commission also enforces the Telemarketing Sales Rule, 16 C.F.R. Part 310, which prohibits deceptive or abusive telemarketing acts or practices. The Commission is authorized to initiate federal district court proceedings, by its own attorneys, to enjoin violations of the FTC Act and violations of the Telemarketing Sales Rule, in order to secure such equitable relief as may be appropriate in each case, and to obtain consumer redress. 15 U.S.C. §§ 53(b), 57b, 6102(c), and 6105(b).

## DEFENDANTS

5.     Defendant Leisure Time Marketing, Inc. ("LTM") is a Florida corporation with its principal place of business at 300 Barlow Avenue, Cocoa Beach, Florida 32931. LTM transacts or has transacted business in the Middle District of Florida.

6.     Defendant Discovery Rental, Inc., ("DRI") is a Florida corporation with its principal place of business at 300 Barlow Avenue, Cocoa Beach, Florida 32931. DRI transacts or has transacted business in the Middle District of Florida.

7.     Defendant Marlin Swanson is an owner of LTM and DRI. At all times material to this complaint, acting alone or in concert with others, he has formulated, directed, controlled, or participated in the acts and practices alleged in this complaint. He transacts or has transacted business in the Middle District of Florida.

8.     Defendant Britt Shenkman is an owner of LTM and DRI. At all times material to this complaint, acting alone or in concert with others, he has formulated, directed, controlled, or participated in the acts and practices alleged in this complaint. He transacts or has transacted business in the Middle District of Florida.

9.     Defendant Edward M. Sebastian is an officer of DRI. At all times material to this complaint, acting alone or in concert with others, has formulated, directed, controlled, or participated in the acts and practices alleged in this complaint. He transacts or has transacted business in the Middle District of Florida.

10.     Defendant Fereidoun "Fred" Khalilian at all times material to this complaint, acting alone or in concert with others, has formulated, directed, controlled, or participated in the

acts and practices alleged in this complaint. He transacts or has transacted business in the Middle District of Florida.

11. Since at least 1999, Defendants LTM and DRI have acted as a common enterprise nationwide to promote, offer to sell, and sell vacation travel packages.

## COMMERCE

12. At all times relevant to this complaint, Defendants have maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## DEFENDANTS' COURSE OF CONDUCT

13. Since at least 1999, Defendants have engaged in a common course of conduct to deceive consumers throughout the United States by deceptively marketing and selling vacation travel packages for the purpose of selling interests in timeshare properties. The corporate Defendants, by operating a common business enterprise with shared officers, employees, and offices, act together with the individual Defendants to sell their vacation travel packages and ultimately their timeshares. Defendants market their vacation travel packages using the Discovery Rental, Inc. name.

14. Defendants contact consumers by sending unsolicited facsimile transmissions ("faxes") to consumers' places of employment that advertise discounted vacation travel packages. These fax solicitations typically contain a memorandum type heading such as:

TO:     All Employees
FROM:   Sheryl Stevens, Corporate Department
RE:     Very limited supply of tickets (1st come first served basis)

    MEMO:  Because of the overwhelming amount of inquiries from employees we have decided to run this promotion.

Because of this heading, in a great many instances, consumers believe that these faxes are from the travel division of their company or are in some way approved or sponsored by their employer.

  15.  The vacation travel packages advertised in Defendants' faxes typically include two nights' accommodation in Cocoa Beach, Florida, two nights' accommodation in Orlando, Florida, a two night cruise to the Bahamas, and a complimentary rental car for one week, all for the price of two hundred and ninety-nine dollars ($299.00), double occupancy, plus port and service charges. As a "bonus," Defendants' faxes offer two free round trip airline tickets to Hawaii or Cancun, Mexico to consumers who purchase the vacation travel packages. Defendants represent in their faxes that the price includes "all vacations and bonuses."

  16.  When the consumers call the number listed on the fax, they are provided with little additional information by Defendants' sales representatives regarding the vacation travel packages. The consumers are asked to give their credit card information and are charged the price for the vacation travel package for a minimum of two persons.

  17.  After the consumers have paid for the vacation travel package, Defendants send the consumers written materials, which more fully describe the vacation, the terms and the restrictions. Often, when consumers read the fine print in written materials or begin scheduling their vacations, they suddenly learn of unexpected expenses or other previously undisclosed material terms and conditions.

18. Defendants also do not disclose to the consumers prior to purchase that, in order to use their purportedly "free" airline tickets, consumers are required to stay at specific hotels at specific prices for a specific number of days.

19. The Defendants do not disclose to the consumers in the faxes, or at any time prior to the purchase of the packages by the consumers, that there are additional material terms and conditions to purchase, receive or use their vacation travel package. For instance, consumers are not informed that they are expected or required to attend timeshare sales presentations in Cocoa Beach and Orlando, Florida.

20. The Defendants also do not disclose to the consumers in the faxes, or at any time prior to the purchase of the packages by the consumers, that there are additional costs to purchase, receive or use their vacation travel package. For instance, consumers are not informed of additional costs such as processing or booking fees, taxes, gratuities, and costs associated with the complimentary rental car such as daily surcharges and fees assessed if the consumer is under twenty-five years of age.

21. In numerous instances, consumers are not told before they make their purchases that Defendants have a no-refund policy. When, on occasion, Defendants do disclose the no-refund policy, it is not in a clear and conspicuous manner and it is after the consumer has already paid for the vacation.

22. Many consumers attempt to cancel their vacation travel package either after the sales call, or after they receive the written materials and discover that there are additional costs or other previously undisclosed terms and conditions. Defendants routinely deny consumers' requests for refunds or cancellations.

23. Those consumers who actually take the vacation offered by Defendants discover that the vacation travel package is a ploy to compel them to attend previously undisclosed timeshare sales presentations.

## THE FEDERAL TRADE COMMISSION ACT

24. Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), provides that "unfair or deceptive acts or practices in or affecting commerce are hereby declared unlawful."

## VIOLATION OF SECTION 5 THE FTC ACT

### COUNT I

25. In numerous instances, since at least 1999, in connection with the advertising, marketing, promoting, offering for sale, or sale of vacation travel packages, Defendants have represented, expressly or by implication, that consumers will receive "free" round trip airline tickets to Hawaii or Cancun, Mexico.

26. In truth and fact, consumers do not receive "free" round trip airline tickets to Hawaii or Cancun, Mexico.

27. Therefore, Defendants' representation set forth in Paragraph 25 is false and misleading and constitutes a deceptive act or practice in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

### COUNT II

28. In numerous instances since at least 1999, in connection with the advertising, marketing, promoting, offering for sale, or sale of vacation travel packages, Defendants have represented, expressly or by implication, that the price quoted to consumers in the fax solicitation is the total cost to purchase, receive or use the vacation travel package offered by the Defendants.

29. In truth and fact, in numerous instances, the price quoted to consumers in the fax solicitation is not the total cost to purchase, receive or use the vacation travel package offered by the Defendants.

30. Therefore, Defendants' representation as set forth in Paragraph 28 is false and misleading and constitutes a deceptive act or practice in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## COUNT III

31. In numerous instances since at least 1999, in connection with the advertising, marketing, promoting, offering for sale, or sale of vacation travel packages, Defendants have failed to disclose in a clear and conspicuous manner material facts including the conditions and restrictions to purchase, receive or use the vacation travel packages offered by the Defendants.

32. Defendants' failure to disclose material facts set forth in Paragraph 31 is false and misleading and constitutes a deceptive act or practice in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## THE TELEMARKETING SALES RULE

33. In the Telemarketing Act, 15 U.S.C. § 6101 *et seq.*, Congress directed the FTC to prescribe rules prohibiting abusive and deceptive telemarketing acts or practices. On August 16, 1995, the Commission promulgated the Telemarketing Sales Rule, 16 C.F.R. Part 310. The Rule became effective on December 31, 1995.

34. Defendants are "sellers" or "telemarketers" engaged in "telemarketing," as those terms are defined in the Telemarketing Sales Rule, 16 C.F.R. §§ 310.2(r), (t) and (u).

35. The Telemarketing Sales Rule prohibits sellers and telemarketers "[b]efore a customer pays for goods or services offered" from "failing to disclose, in a clear and conspicuous manner . . . [t]he total costs to purchase, receive, or use, and the quantity of, any goods or services that are the subject of the sales offer." 16 C.F.R. § 310.3(a)(1)(i).

36. The Telemarketing Sales Rule prohibits sellers and telemarketers "[b]efore a customer pays for goods or services offered" from "failing to disclose, in a clear and conspicuous manner . . . [a]ll material restrictions, limitations, or conditions to purchase, receive, or use the goods or services that are the subject of the sales offer." 16 C.F.R. § 310.3(a)(1)(ii).

37. The Telemarketing Sales Rule prohibits sellers and telemarketers "[b]efore a customer pays for goods or services offered" from "failing to disclose, in a clear and conspicuous manner, . . .[i]f the seller has a policy of not making refunds, cancellations, exchanges, or repurchases, a statement informing the customer that this is the seller's policy." 16 C.F.R. § 310.3(a)(1)(iii).

38. The Telemarketing Sales Rule also prohibits sellers and telemarketers from "[m]isrepresenting, directly or by implication, . . . [a]ny material restriction, limitation, or condition to purchase, receive, or use goods or services that are the subject of a sales offer." 16 C.F.R. § 310.3(a)(2)(ii).

39. Pursuant to Section 3(c) of the Telemarketing Act, 15 U.S.C. § 6102(c), and Section 18(d)(3) of the FTC Act, 15 U.S.C. § 57a(d)(3), violations of the Telemarketing Sales Rule constitute unfair or deceptive acts or practices in or affecting commerce, in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

# VIOLATIONS OF THE FTC TELEMARKETING SALES RULE

## COUNT IV

40. In numerous instances, in connection with the advertising, marketing, promoting, offering for sale, or sale of vacation travel packages, Defendants have misrepresented, expressly or by implication that there are no restrictions, limitations, or conditions to purchase, receive, or use the free round trip bonus airline tickets to Hawaii or Cancun, Mexico. Defendants have thereby violated Section 310.3(a)(2)(ii) of the Telemarketing Sales Rule, 16 C.F.R. § 310.3(a)(2)(ii).

## COUNT V

41. In numerous instances, in connection with the advertising, marketing, promoting, offering for sale, or sale of vacation travel packages, Defendants have failed to disclose, in a clear and conspicuous manner before consumers pay for the vacation travel package, the total costs to purchase, receive, or use the vacation travel package, including, but not limited to, processing or booking fees, cruise disembarkation fees, and costs associated with the complimentary rental car. Defendants have thereby violated Section 310.3(a)(1)(i) of the Telemarketing Sales Rule, 16 C.F.R. § 310.3(a)(1)(i).

## COUNT VI

42. In numerous instances, in connection with the advertising, marketing, promoting, offering for sale, or sale of vacation travel packages, Defendants have failed to disclose, in a clear and conspicuous manner before consumers pay for the vacation travel package, all material restrictions, limitations or conditions to purchase, receive, or use the vacation travel package, including, but not limited to, that consumers are expected or required to attend sales

presentations for timeshare vacation property. Defendants have thereby violated Section 310.3(a)(1)(ii) of the Telemarketing Sales Rule, 16 C.F.R. § 310.3(a)(1)(ii).

## COUNT VII

43. In numerous instances, in connection with the advertising, marketing, promoting, offering for sale, or sale of vacation travel packages, Defendants, have failed to disclose, in a clear and conspicuous manner before consumers pay for the vacation travel package, that Defendants have a policy of not making refunds, cancellations, exchanges, or repurchases. Defendants have thereby violated Section 310.3(a)(1)(iii) of the Telemarketing Sales Rule, 16 C.F.R. § 310.3(a)(1)(iii).

## CONSUMER INJURY

44. Consumers throughout the United States have suffered, and continue to suffer, substantial monetary loss as a result of Defendants' unlawful acts and practices. In addition, Defendants have been unjustly enriched as a result of their unlawful acts and practices. Absent injunctive relief, Defendants are likely to continue to injure consumers, reap unjust enrichment, and harm the public.

## THIS COURT'S POWER TO GRANT RELIEF

45. Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), authorizes this Court to issue a permanent injunction against Defendants' violations of the FTC Act and, in the exercise of its equitable jurisdiction, to order such ancillary relief as preliminary injunction, consumer redress, rescission, restitution and disgorgement of profits resulting from Defendants' unlawful acts or practices, and other remedial measures.

46.     Section 19 of the FTC Act, 15 U.S.C. § 57b, and Section 6(b) of the Telemarketing Act, 15 U.S.C. § 6105(b), authorize the Court to grant to the FTC such relief as the Court finds necessary to redress injury to consumers or other persons resulting from Defendants' violations of the Telemarketing Sales Rule, including the rescission and reformation of contracts and the refund of money.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Federal Trade Commission, pursuant to Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57b, Section 6(b) of the Telemarketing Act, 15 U.S.C. § 6105(b), and the Court's own equitable powers, request that the Court:

(1)     Award Plaintiff such preliminary injunctive and ancillary relief as may be necessary to avert the likelihood of consumer injury during the pendency of this action and to preserve the possibility of effective final relief, including but not limited to, temporary and preliminary injunctions, appointment of a receiver, and an order freezing assets;

(2)     Permanently enjoin Defendants from violating the FTC Act and the Telemarketing Sales Rule, as alleged herein;

(3)     Award such relief as the Court finds necessary to redress injury to consumers resulting from Defendants' violations of the FTC Act and the Telemarketing Sales Rule including, but not limited to, rescission or reformation of contracts, restitution, refund of monies paid, and disgorgement of ill-gotten monies; and

(4)     Award Plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

Respectfully Submitted,

*[signature]*

Valerie M. Verduce
GA Bar No.: 727066

*[signature]*

Barbara E. Bolton
MA Bar No.: 553036

**Trial Attorneys for Plaintiff**
**Federal Trade Commission**
**60 Forsyth St., S.W., Suite 5M35**
**Atlanta, GA 30303**
**(404) 656-1390 (voice)**
**(404) 656-1379 (fax)**